## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY W. GUNZL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.15-1160-SLR |
| | ) |
| LARRY STEWART, et al., | ) |
| | ) |
| Defendants. | ) |

Anthony W. Gunzl, New Castle, Delaware. Pro se Plaintiff.

Douglas A. Shachtman, Esquire, The Shachtman Law Firm, Wilmington, Delaware. Counsel for Defendants Larry Stewart, One Off Rod & Custom, Inc., Douglas Shachtman, One Off Rod & Custom, and One Off Rod & Custom, LLC.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Jane M. Brady.

**MEMORANDUM OPINION**

Dated: April 6 , 2016
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Anthony W. Gunzl ("plaintiff") proceeds pro se. He filed this lawsuit on December 17, 2015, alleging violations of the Sixth and Fourteenth Amendments to the United States Constitution. (D.I. 1) Presently before the court are numerous motions, including defendants' motions to dismiss. (D.I. 13, 18, 19, 22, 23, 26, 27, 28, 33, 34, 38) For the following reasons, the court will grant the motions to dismiss and deny the remaining motions as moot.

## II. BACKGROUND

On April 23, 2012, plaintiff filed a lawsuit for breach of contract in the Superior Court of the State of Delaware in and for New Castle County ("Superior Court") against Larry Stewart ("Stewart") and One Off Rod & Custom, Inc., C.A. No. N12L-4-017 MJB. (D.I. 22, ex. A) Plaintiff amended the complaint and added defendants One Off Rod & Custom, and One Off Rod & Custom, LLC.[1] (*Id.* at ex. B) Plaintiff alleged that One Off, a custom repair shop, improperly painted and transported his classic motor vehicle which caused dents and other damage.

Plaintiff appeared pro se in the Superior Court action, and Douglas A. Shachtman ("Shachtman") (a defendant in the instant action) represented Stewart (a defendant in the instant action) and the One Off defendants (also defendants in the instant action) in the Superior Court. The Honorable M. Jane Brady ("Judge Brady") (a defendant in instant action) presided over the Superior Court case. The Superior Court dismissed the action on September 16, 2013, for plaintiff's failure to comply with a court

---

[1]The court refers to the three One Off Rod & Custom defendants, collectively, as "One Off."

order that required his submission of an expert report. *Gunzl v. One Off Rod & Custom, Inc.*, 106 A.3d 1049, 2015 WL 59749, at *1 (Del. 2015) (table). Plaintiff appealed to the Delaware Supreme Court following the Superior Court's denial of his motions for reargument and reconsideration. On January 2, 2015, the Delaware Supreme Court affirmed and held that dismissal of the complaint for failure to identify an expert as required by scheduling order was not an abuse of discretion. *Id.* at *2. On January 29, 2016, the Delaware Supreme Court denied plaintiff's motion for rehearing en banc.

Plaintiff commenced the instant action on December 17, 2015 raising claims that revolve around the Superior Court action. (D.I. 1) It is evident from the allegations that plaintiff does not agree with rulings made by Judge Brady. In addition, plaintiff alleges that Shachtman did not properly respond to discovery requests or subpoenas, and he takes exception to Shachtman's conduct during judicial proceedings. Finally, plaintiff alleges that Judge Brady sided with defendants throughout the Superior Court proceedings. Plaintiff seeks compensatory and punitive damages and asks the court to reopen the Superior Court case, for a finding in his favor that One Off breached its contract, sanctions against defendants for discovery abuse and contemptuous behavior, and for an investigation of Judge Brady.

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and 12(h)(3). More particularly, Judge Brady moves for dismissal on the following grounds: (1) she has absolute judicial immunity; (2) lack of subject matter jurisdiction; and (3) the action is time-barred. (D.I. 13) Stewart, One Off, and Shachtman move for dismissal on the grounds that: (1) plaintiff has no legal basis to assert rights under the Sixth

2

Amendment to the United States Constitution; (2) the claims fall under the purview of the Rooker-Feldman doctrine; and (3) the claims are barred by reason of res judicata.

## III. LEGAL STANDARDS

### A. Rules 12(b)(1) and 12(h)(3)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Constitution Party of Pa. v. Aichele,* 757 F.3d 347, 357-58 (3d Cir. 2014). In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* at 358 (quoting *In re Schering Plough Corp. Intron,* 678 F.3d 235, 243 (3d Cir. 2012)). In reviewing a factual attack, the court may consider evidence outside the pleadings. *Mortensen v. First Fed. Sav. and Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### B. Rule 12(b)(6)

Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. at 94. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain

3

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. Deciding whether a claim is plausible will be a "context-

4

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

### A. Judicial Immunity

Judge Brady moves for dismissal on the grounds of absolute judicial immunity. "A judicial officer in the performance of h[er] duties has absolute immunity from suit and will not be liable for h[er] judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). Furthermore, "[a] judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of h[er] authority; rather, [s]he will be subject to liability only when [s]he has acted 'in the clear absence of all jurisdiction.'". *Id.* (citations omitted).

Here, plaintiff's claims are founded entirely on orders entered against him and/or other judicial action taken in the course of the Superior Court proceedings. Because plaintiff's claims against Judge Brady are based on the performance of her official duties, judicial immunity clearly applies. Accordingly, the court will grant the motion to dismiss.[2]

### B. Sixth Amendment Rights

Plaintiff alleges that he was denied his Sixth Amendment right to a fair and impartial trial. Stewart, One Rod, and Shachtman move to dismiss the Sixth Amendment claims. Plaintiff responds that the Sixth Amendment is not limited in scope

---

[2]The court will not address the other grounds for dismissal raised in Judge Brady's motion to dismiss given that she is immune from suit.

5

to only criminal prosecution.  Plaintiff interprets the Sixth Amendment to protect his

ability to obtain a fair trial and to ensure that he would receive a trial by an unbiased and

fair judge.

The Sixth Amendment states that "In all criminal prosecutions, the accused shall

enjoy the right to a speedy and public trial, by an impartial jury of the State . . . ."  U.S.

Const. amend. VI.  Sixth Amendment guarantees are applicable only in the context of

criminal prosecutions, and are inapplicable to civil cases.  *See Turner v. Rogers*, 564

U.S. 431, 131 S.Ct. 2507, 2516 (2011); *Coulter v. Unknown Probation Officer*, 2013 WL

2249296, at \*9 (M.D. Pa. 2013).

Plaintiff's Sixth Amendment right to a fair and impartial trial claim fails as a matter

of law.  Therefore, the court will grant the motion to dismiss the Sixth Amendment claim.

### C. Rooker-Feldman Doctrine

Stewart, One Rod, and Shachtman move for dismissal on the grounds that this

court may not review plaintiff's claims by reason of the Rooker-Feldman doctrine.

Defendants contend that a comparison of the instant complaint with the Superior Court

complaint demonstrates that the federal claims are the same and inextricably

intertwined with the State court proceedings.  Defendants note that:  (1) Stewart and

One Rod are the same defendants as in the Superior Court proceedings, with plaintiff

adding the presiding judge and counsel for defendants in the Superior Court case to the

instant case; (2) the instant complaint contains numerous allegations of defects in

procedural aspects of the Superior Court litigation; (3) the prayer for relief in the instant

complaint asks the court to evaluate the Superior Court proceedings; (4) plaintiff's

claims were adjudicated in the Superior Court and affirmed by the Delaware Supreme

6

Court; and (5) although Shachtman was not a party in the State court proceedings, the claims against him (as defense counsel in the State court proceeding) are inextricably intertwined and, therefore, barred.

Plaintiff responds that he has not once questioned the decision of the State court, he has not asked this court to review the decision of the State court, and he has not made a claim that is considered intertwined with an earlier State court judgment. Plaintiff argues that the claims in the instant complaint pertain to acts of perjury and witness intimidation and, as such, fall outside the definition of the Rooker-Feldman doctrine.

Plaintiff's complaint is rife with allegations that his case in the Superior Court was improperly decided against him. Contrary to what plaintiff states in his opposition, the complaint specifically asks this court to reopen the Superior Court case and to find that defendants are responsible for the breach of contact as alleged in the Superior Court case.

The Rooker-Feldman doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see Power v. Department of Labor*, 2002 WL 976001 (D. Del. 2002). The Rooker-Feldman doctrine applies as this is a case "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

7

Plaintiff's instant complaint reveals the nature of his claims against defendants. He alleges that the Superior Court case was wrongly decided against him because Judge Brady (who has judicial immunity) allegedly allowed bad acts to occur (including perjury and witness intimidation) which violated his Sixth and Fourteenth Amendment rights to the United States Constitution.  The claims are, in essence, an attack on the Superior Court order that dismissed plaintiff's breach of contract claim.

In addition, plaintiff's claim for relief in this federal action is "inextricably intertwined" with the issues adjudicated by the Superior Court because the relief plaintiff seeks would require "(1) the federal court [to] determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court [to] take an action that would negate the state court's judgment . . . ." *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005).

The instant complaint clearly falls within the purview of the Rooker-Feldman doctrine.  Allowing plaintiff's claims to proceed against defendants would allow him to use the federal courts to appeal state court judgments and, thus, would run afoul of the *Rooker-Feldman* doctrine.  Therefore, the court cannot exercise jurisdiction and will grant the motion to dismiss based upon the Rooker-Feldman doctrine.

### D. Res Judicata

Stewart, One Rod, and Shachtman also move for dismissal on the grounds that plaintiff's claims are barred by reason of res judicata.  Plaintiff disagrees and states that the "claims brought to this court are not the same as those brought to state court."  (D.I. 32, ¶ 13)

Res judicata, or claim preclusion, applies where the party invoking it establishes: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their

8

privies, and (3) a subsequent suit based on the same cause of action." *Duhaney v. Attorney Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) (quotation marks omitted). Res judicata applies to both claims that were actually brought in addition to claims which could have been brought in the prior action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). "[R]es judicata will 'not be defeated by minor differences of form, parties or allegations' where the 'controlling issues have been resolved in a prior proceeding in which the present parties had an opportunity to appear and assert their rights.'" *Jett v. Beech Interplex, Inc.*, 2004 WL 1595734, at * 2 (E.D. Pa. 2004) (citations omitted).

Defendants argue that, to the extent a few averments in the complaint's statement of claim (D.I. 1, ¶¶ 1, 2, 6, 7) and that portion of the prayer seeking damages for allegedly defective auto repair are deemed substantive breach of contract claims rather than challenges to state court processes, the claims are the same as those brought by plaintiff in his Superior Court action. Defendants argue that the decisions by the State court are final and, therefore, barred by res judicata.

As discussed, the Superior Court action was dismissed for plaintiff's failure to timely submit an expert report as ordered by the court. The Third Circuit has treated a procedural dismissal as an adjudication on the merits having preclusive effects on subsequent actions. *See Kreidie v. Secretary, Pennsylvania Dep't of Revenue*, 574 F. App'x 114, 117 (3d Cir. 2014) (res judicata barred new action when former action was dismissed on procedural grounds for failure to file amended complaint by stipulated date as both actions involved same claims and parties and procedural dismissal operated as judgment on the merits absent statement to the contrary) (citing *Napier v. Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080, 1087 (3d Cir. 1988) (res judicata may apply to

9

prior case dismissed for failure to prosecute; plaintiff failed to attend pretrial conference and submit pretrial memorandum); *McCarter v. Mitcham*, 883 F.2d 196, 199–200 (3d Cir. 1989) (res judicata is especially likely to apply in prior case dismissed as a sanction for untimely delay and failure to obey court order); *Landon v. Hunt*, 977 F.2d 829, 832-33 (3d Cir. 1992) (res judicata applies to prior case dismissed for failure to prosecute; plaintiff failed to appear at trial).

Having reviewed the filings submitted by the parties, the court agrees that the claims as described by defendants and raised by plaintiff in the State court proceedings are barred by res judicata as they were previously litigated and resolved by final judgments in the Delaware state courts. The Delaware state courts had jurisdiction over the subject matter and the parties, the parties from the original suit are the present parties or in privity with them,[3] and plaintiff's allegations in this action arise from the same set of facts surrounding the breach of contract action. In addition, to the extent that plaintiff attempts to raise new claims, they are based on defendants' alleged conduct concerning the breach of contract action, which were, or could have been, litigated in the State court proceeding.

### E. Subject Matter Jurisdiction

A federal court must always ensure that it has subject-matter jurisdiction over a cause of action, and, therefore, can raise concerns about the issue sua sponte. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003). Plaintiff alleges violations of his Sixth and Fourteenth Amendment rights to the United States Constitution and,

---

[3]Defendants Stewart, One Rod, and Shachtman are privies of each other as a result of their attorney-client relationship. *See Great Western Min. & Mineral Co., v. ADR Options, Inc.*, 882 F. Supp. 2d 749, 762 (D.N.J. 2012); *Vacanti v. Apothaker & Associates, P.C.*, 2010 WL 4702382, at *5 (E.D. Pa. 2010).

Case 1:15-cv-01160-SLR   Document 40   Filed 04/06/16   Page 12 of 13 PageID #: 471

therefore, asserts jurisdiction by reason of a federal question. *See* 28 U.S.C. § 1331. As discussed above, the Sixth Amendment claim fails as a matter of law.

To the extent that plaintiff attempts to assert a violation of the Fourteenth Amendment, conduct by a private actor generally does not give rise to a claim for violations of a plaintiff's federal constitutional rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." Given that neither Stewart, One Off, or Shachtman are state actors, and that the one State actor (Judge Brady) is immune from suit, the court does not have subject matter jurisdiction over the claims alleging violations of plaintiff's Fourteenth Amendment rights.

Moreover, the court does not have jurisdiction under 28 U.S.C. § 1332 because the parties do not have diversity of citizenship. Under 28 U.S.C. § 1332(a) "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. As alleged, all the named parties are citizens of the State of Delaware.

Based upon the foregoing, the court will dismiss the complaint for lack of lack subject matter jurisdiction.

## F. Supplemental State Claims

Because the complaint fails to state a federal claim, to the extent that plaintiff raises any state law claims, the court declines to exercise jurisdiction over any supplemental state law claims. *See* 28 U.S.C. § 1367.

## V. CONCLUSION

For the above reasons, the court will: (1) grant defendants' motions to dismiss

(D.I. 13, 22); and (2) deny the remaining motions as moot (D.I. 18, 19, 23, 26, 27, 28,

33, 34, 38).[4]

An appropriate order will be entered.

---

[4]The court has considered plaintiff's sur-reply (D.I. 39) to defendants' motion to dismiss as timely filed and therefore, will deny plaintiff's motion that sought an extension of time to file the pleading. (D.I. 38)